UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.: 8:24-cv-01850-FWS-DFM                    Date: October 11, 2024
Title: Newco Distributors, Inc. v. Earth Animal Ventures *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Melissa H. Kunig | N/A |
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER TO SHOW CAUSE RE FEDERAL RULE OF CIVIL PROCEDURE 26(F) JOINT REPORT**

On August 30, 2024, the court issued an order setting a scheduling conference in this matter for October 24, 2024, pursuant to Federal Rule of Civil Procedure 26(f). (Dkt. 10.) The court's order required the parties to file their Joint Rule 26(f) Report no later than fourteen days before the scheduling conference, or by October 10, 2024. (*Id.* at 2.) As of the date of this Order, October 11, 2024, the parties have failed to file the Joint Rule 26(f) Report. (*See generally* Dkt.) In lieu of the Joint Rule 26(f) Report, both parties filed declarations from their respective counsel indicating that the parties did not meet and confer in advance of the deadline to file the Joint Rule 26(f) Report, as required by the court's order and Federal Rule of Civil Procedure 26(f). (*See* Dkts. 28, 29.) In addition, the declaration of Plaintiff's counsel requests that the court continue the October 24, 2024, scheduling conference to a later date "for purposes of judicial economy." (Dkt. 29 ¶ 5.)

The court finds insufficient good cause to continue the deadline for the parties to file their Joint Rule 26(f) Report. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259-61 (9th Cir. 2010) (discussing "good cause" standard in the context of motions seeking to continue deadlines under Rule 6(b)(1)); *Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1096 n.10 (9th Cir. 2017) (referring to factors set forth in *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 & n.3 (9th Cir. 2000) as relevant to determine if movant has shown "excusable neglect" as required where movant seeks extension of deadline after its expiration under Rule 6(b)(1)(B)); *cf.* Fed. R. Civ. P. 1 (procedural rules "should be construed, administered, and

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-01850-FWS-DFM                    Date: October 11, 2024
Title: Newco Distributors, Inc. v. Earth Animal Ventures *et al.*

employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). The court notes that Plaintiff's counsel fails to adequately explain why the parties did not meet and confer at least seven days before the deadline to file the Joint Rule 26(f) Report as required by the court's order, (Dkt. 10 at 2), why the parties did not complete the Joint Rule 26(f) Report, or why counsel delayed in requesting an extension to the deadline, (*see generally* Dkt. 29). Accordingly, Plaintiff's request for a continuance is **DENIED**.

Further, because the parties' Joint Rule 26(f) Report is untimely, the parties are **ORDERED TO SHOW CAUSE** in writing **by October 15, 2024**, why sanctions should not issue. The parties may discharge this Order to Show Cause by thoroughly meeting and conferring and filing the Joint Rule 26(f) Report. Failure to adequately comply with the Order to Show Cause may result in sanctions being imposed, including monetary sanctions and/or dismissing the action. *See Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005) ("Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence."); L.R. 83-7 ("The violation of or failure to conform to any of these Local Rules may subject the offending party or counsel to: (a) monetary sanctions, if the Court finds that the conduct was willful, grossly negligent, or reckless; (b) the imposition of costs and attorneys' fees to opposing counsel, if the Court finds that the conduct rises to the level of bad faith and/or a willful disobedience of a court order; and/or (c) for any of the conduct specified in (a) and (b) above, such other sanctions as the Court may deem appropriate under the circumstances."); Fed. R. Civ. P. 41(b)*; Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."); *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) ("It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution.").

**IT IS SO ORDERED.**