UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

JS-6

| | |
|---|---|
| Case No. 8:24-cv-01850-FWS-DFM | Date: November 18, 2024 |
| Title: Newco Distributors, Inc. v. Earth Animal Ventures *et al.* | |

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [15] AND DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS [9]**

    Before the court are two matters: (1) Plaintiff Newco Distributors, Inc.'s Motion to Remand ("Motion to Remand"), (Dkt. 15); and (2) Defendant Pet Food Experts, LLC[1] and Defendant Michael Baker's Motion to Dismiss Complaint ("Motion to Dismiss"), (Dkt. 9). Both matters are fully briefed. (Dkts. 17, 22, 24, 25, 26.) The court found this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Based on the state of the record, as applied to the applicable law, the court **GRANTS** the Motion to Remand and **DENIES AS MOOT** the Motion to Dismiss.

---

[1] Defendant Pet Food Experts, LLC states it was erroneously sued as Pet Food Experts, Inc. (*See* Dkt. 1 at 1; Dkt. 22-1 ¶¶ 1-2.)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

JS-6

Case No. 8:24-cv-01850-FWS-DFM                                  Date: November 18, 2024
Title: Newco Distributors, Inc. v. Earth Animal Ventures *et al.*

## I. Background

On July 17, 2024, Plaintiff Newco Distributors, Inc. ("Plaintiff") filed a Complaint against Defendant Earth Animal Ventures ("Defendant EAV"), Defendant Pet Food Experts, LLC ("Defendant PFX"), and Defendant Michael Baker (collectively, "Defendants") in Orange County Superior Court. (Dkt. 1-2 ("Compl.").) On August 23, 2024, Defendant PFX and Defendant Baker removed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Dkt. 1.)

The gravamen of Plaintiff's Complaint is twofold; Plaintiff alleges that: (1) Defendant EAV breached its exclusive sales and distribution agreement ("Distribution Rights Agreement") with Plaintiff by selling product to other retailers, including Defendant PFX, in Plaintiff's exclusive territory and failing to fulfill Plaintiff's product orders; and (2) Defendant Baker and Defendant PFX induced Defendant EAV to breach the Distribution Rights Agreement and interfered with Plaintiff's business by, *inter alia*, improperly obtaining and using Plaintiff's trade secrets, sending targeted promotional materials to Plaintiff's customers, and selling products at an "anticompetitive" and "unfair" discount to undercut Plaintiff's relationships with its customers. (*See, e.g.*, Compl. ¶¶ 8-16.) Based on these allegations, Plaintiff asserts a claim for breach of contract against Defendant EAV and claims for intentional interference with contractual relations, intentional interference with prospective economic relations, negligent interference with prospective economic relations, misappropriation of trade secrets, and violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*, against Defendant PFX and Defendant Baker. (*Id.* ¶¶ 17-46.)

On August 29, 2024, Defendant PFX and Defendant Baker filed the Motion to Dismiss Plaintiff's claims for intentional interference with contractual relations, intentional interference with prospective economic relations, negligent interference with prospective economic relations, misappropriation of trade secrets, and violations of the UCL. (Dkt. 9.) On September 4, 2024, Plaintiff filed the Motion to Remand pursuant to a forum selection clause in the Distribution Rights Agreement. (Dkt. 15.)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

JS-6

Case No. 8:24-cv-01850-FWS-DFM                      Date: November 18, 2024

Title: Newco Distributors, Inc. v. Earth Animal Ventures *et al.*

## II. Legal Standard

Federal courts are courts of limited jurisdiction with subject matter jurisdiction over only those suits authorized by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). When a suit originates in state court, a defendant may remove to federal court only when the suit could have been filed in federal court originally. 28 U.S.C. § 1441(a). "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hisp. Bus., Inc.*, 419 F.3d 1064, 1069 (9th Cir. 2005).

"A defendant seeking removal has the burden of establishing that removal is proper." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (citation omitted). "Removal statutes are 'strictly construed, and any doubt about the right of removal requires resolution in favor of remand.'" *Casola v. Dexcom, Inc.*, 98 F.4th 947, 954 (9th Cir. 2024) (quoting *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009)). Therefore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Although "[a] forum selection clause does not deprive a federal court of subject matter jurisdiction," *Kamm v. ITEX Corp.*, 568 F.3d 752, 754 (9th Cir. 2009), district courts have discretion to remand a case pursuant to a forum-selection clause. *See id.* at 756 ("[A] forum selection clause is similar to other grounds for not exercising jurisdiction over a case, such as abstention in favor of state court jurisdiction . . . or a refusal to exercise supplemental jurisdiction and a resulting remand to state court under 28 U.S.C. § 1367(c)."); *Farmer Bean & Seed, LLC v. Pac. Grain & Foods, LLC*, 495 F. Supp. 3d 981, 984 (E.D. Wash. 2020) ("[E]ven if a court has subject matter jurisdiction, a case may nonetheless be remanded based on a forum selection clause."); *Wood v. iGate Techs., Inc.*, 120 F. Supp. 3d 989, 991 (N.D. Cal. 2015) ("A district court can certainly remand a case based on a forum-selection clause.").

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01850-FWS-DFM                               Date: November 18, 2024

Title: Newco Distributors, Inc. v. Earth Animal Ventures *et al.*

Federal law governs the interpretation and enforceability of forum selection clauses in diversity cases. *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 512 (9th Cir. 1988). A forum selection clause is presumptively valid and enforceable, and "should be honored 'absent some compelling and countervailing reason.'" *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12 (1972)). The Ninth Circuit has identified three "exceptional reasons or extraordinary circumstances in which courts should not give controlling weight" to a valid forum selection clause:

> (1) the clause is invalid due to "fraud or overreaching," (2) "enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision," or (3) "trial in the contractual forum will be so gravely difficult and inconvenient that [the litigant] will for all practical purposes be deprived of [their] day in court."

*Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1088 (9th Cir. 2018) (fourth alteration in original) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 18 (1972)).

### III.     Discussion

In the Motion to Remand, Plaintiff argues the case should be remanded to Orange County Superior Court because: (1) Defendant EAV waived federal jurisdiction pursuant to a mandatory forum selection clause in the Distribution Rights Agreement; (2) the forum selection clause applies to Defendant PFX and Defendant Baker because both parties are closely related to the contractual relationship between Plaintiff and Defendant EAV; or, alternatively, (3) even if Defendant PFX and Defendant Baker are not bound by the Distribution Rights Agreement, the removal is procedurally defective because Defendant EAV cannot consent to removal as required by the rule of unanimity. (*See* Dkt. 15 at 8-13.)

The parties agree that the court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 and that the Distribution Rights Agreement is a valid contract. (*See* Dkt. 1 ¶¶ 1-

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01850-FWS-DFM                                    Date: November 18, 2024
Title: Newco Distributors, Inc. v. Earth Animal Ventures *et al.*

---

9; Dkt. 22 at 8-10; Dkt. 24 at 3-6; Dkt. 25 at 2-3.) However, Defendants dispute whether the Distribution Rights Agreement contains a mandatory forum selection clause, whether the forum selection clause applies to Plaintiff's claims against Defendant PFX and Defendant Baker, and whether the forum selection clause is enforceable as against public policy.[2] (Dkt. 22 at 15-24; Dkt. 24 at 3-10.)

### A.   The Scope of the Forum Selection Clause

The parties first dispute whether the forum selection clause is mandatory. Plaintiff argues that the forum selection clause is mandatory because it provides for jurisdiction only in California state courts in Orange County, California. (Dkt. 15 at 1-4, 9-10.) On the other hand, Defendant PFX and Defendant Baker contend that forum selection clause is permissive because it authorizes claims to be brought either in California state court or through arbitration.[3] (Dkt. 22 at 19-21.)

---

[2] Defendants also argue that the court should deny the Motion to Remand because Plaintiff failed to meet and confer at least seven days before filing the Motion to Remand as required by Local Rule 7-3. (Dkt. 22 at 12-15); *see also* L.R. 7-3 (stating, with limited exceptions not relevant here, Local Rule 7-3 requires that "counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution" at least seven days prior to the filing of the motion). In this case, counsel for both Plaintiff and Defendants indicated that they met and conferred via telephone on August 23, August 30, and September 4, 2024. (Dkt. 22-1 ¶¶ 3-14; Dkt. 24-1 ¶ 2; Dkt. 25 at 8-9; Dkt. 25-1 ¶¶ 2-5.) Given the circumstances described in the Khodadian Declaration, (*see* Dkt. 25-1), the court finds Plaintiff's counsel substantially complied with Local Rule 7-3 and declines to deny the Motion to Remand on that basis.
[3] Defendant EAV presents numerous arguments related to the arbitrability of Plaintiff's claims, including that the arbitration clause, rather than the forum selection clause, "is controlling as to forum," that the Federal Arbitration Act applies, and that "the [c]ourt cannot find that this case would be appropriate for remand without also finding that it is appropriate for arbitration."

---

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

JS-6

Case No. 8:24-cv-01850-FWS-DFM            Date: November 18, 2024

Title: Newco Distributors, Inc. v. Earth Animal Ventures *et al.*

When interpreting a contract under federal law, district courts "look for guidance 'to general principles for interpreting contracts.'" *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009) (quoting *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999)). The court first considers the contract's plain language, "with the understanding that the common or normal meaning of the language will be given to the words of a contract unless circumstances show that in a particular case a special meaning should be attached to it." *Simonoff v. Expedia, Inc.*, 643 F.3d 1202, 1205 (9th Cir. 2011) (quoting *Doe 1*, 552 F.3d at 1081).

"To be mandatory, a clause must contain language that clearly designates a forum as the exclusive one." *Marshall v. Ameriprise Fin. Servs.*, --- F. Supp. 3d ----, 2024 WL 2801535, at *7 (E.D. Cal. 2024) (quoting *N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1037 (9th Cir. 1995)). By contrast, "a permissive forum selection clause simply bestows jurisdiction to that forum." *Meridian PO Fin. LLC v. OTR Tire Grp. Inc.*, 507 F. Supp. 3d 1148, 1159 (D. Ariz. 2020) (citing *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir. 1987)). "The prevailing rule is . . . that where venue is specified with mandatory language the clause will be enforced" but "[w]hen only jurisdiction is specified the clause will generally not be enforced without some further language indicating the parties' intent to make jurisdiction exclusive." *Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989) (internal quotation marks omitted).

---

(Dkt. 24 at 4-6, 9-10.) In addition, Defendants request that the court allow Defendant EAV to file a petition to compel arbitration prior to remanding. (Dkt. 22 at 22-23; Dkt. 24 at 9-10.) The court notes that no petition to compel arbitration is before the court at this time, and Defendants cite insufficient authority suggesting that the court should delay enforcement of the forum selection clause to rule on the arbitrability of Plaintiff's claims. Accordingly, the court declines to address arguments related to the enforceability of the arbitration clause or otherwise delay remand.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    JS-6

Case No. 8:24-cv-01850-FWS-DFM                           Date: November 18, 2024
Title: Newco Distributors, Inc. v. Earth Animal Ventures *et al.*

The forum selection clause at issue in this case states:

> The parties hereby consent to the exclusive jurisdiction of the State Courts of California in any action on a claim arising out of this Agreement, and shall be venued in Orange County, California. The parties further consent that any action arising out of this Agreement would be handled through arbitration, and the prevailing party shall be entitled to all reasonable attorney's fees and costs incurred. This agreement would also remain in force during any dispute or arbitration.

(Dkt. 15-1, Exh. A at 16 ¶ 11.)

The court finds the forum selection clause designates state courts in Orange County, California as the exclusive forum for disputes arising out of the Distribution Rights Agreement because the forum selection clause both provides for "exclusive jurisdiction" in state courts and specifies that all actions "shall be venued" in Orange County. *See Simonoff*, 643 F.3d at 1206 ("[A] forum selection clause that specifies 'courts of' a state limits jurisdiction to state courts . . . .") (citing *Doe 1*, 552 F.3d at 1082 n.8); *Docksider, Ltd.*, 875 F.2d at 764 (concluding that the language "[v]enue of any action brought hereunder shall be deemed to be in Gloucester County, Virginia" was mandatory because it "makes clear that venue, the place of suit, lies exclusively in the designated county").

The court is not persuaded by Defendant PFX and Defendant Baker's argument that the inclusion of an arbitration clause renders the forum selection clause permissive. The forum selection clause and the arbitration clause do not provide for multiple forums but rather operate in a complementary fashion. As the Ninth Circuit explained in *Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201 (9th Cir. 2016), "[n]o matter how broad the arbitration clause, it may be necessary to file an action in court to enforce an arbitration agreement, or to obtain a judgment enforcing an arbitration award, and the parties may need to invoke the jurisdiction of a court to obtain other remedies.'" 848 F.3d at 1209 (quoting *Dream Theater, Inc. v. Dream Theater*, 124 Cal. App. 4th 547, 556 (2004), *as modified on denial of reh'g* (Dec. 28, 2004)). Like the forum

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

JS-6

Case No. 8:24-cv-01850-FWS-DFM                              Date: November 18, 2024
Title: Newco Distributors, Inc. v. Earth Animal Ventures *et al.*

---

selection clauses at issue in *Mohamed*,[4] "[i]t is apparent that the venue provision here was intended for these purposes, and to identify the venue for any other claims that were not covered by the arbitration agreement." *Id.*; *see also Sloan v. Duchscherer*, 2018 WL 3054801, at *4 (N.D. Cal. June 20, 2018) ("The fact that two individuals agreed to an arbitration provision does not render a mandatory forum selection clause permissive."); *Paradigm Sols. Grp., Inc. v. Shanghai Precision Tech. Corp.*, 2015 WL 3466017, at *3 (S.D. Cal. June 1, 2015) (finding "no contradiction between mandating arbitration and also designating a judicial forum should the case need to go before a court"). Accordingly, the court concludes the forum selection clause is mandatory.

> **B.    Whether the Forum Selection Clause Applies to Defendant PFX and Defendant Baker**

Plaintiff next argues that the court should enforce the forum selection clause against Defendant PFX and Defendant Baker, even though they did not sign the Distribution Rights Agreement, because both parties are "closely related" to Defendant EAV. (Dkt. 15 at 10.) Defendant PFX and Defendant Baker contend that they are not "closely related" to Defendant EAV because they are not co-parties with Defendant EAV, employers or employees of Defendant EAV, or recipients of any benefits under the Distribution Rights Agreement, and it was not foreseeable that they would be bound by the Distribution Rights Agreement. (Dkt. 22 at 17-18.)

The Ninth Circuit has stated that "where the alleged conduct of the nonparties is closely related to the contractual relationship, 'a range of transaction participants, parties and non-parties, should benefit from and be subject to forum selection clauses.'" *Holland Am. Line Inc.*

---

[4] The forum selection clauses at issue in *Mohamed* stated: "any disputes, actions, claims, or causes of action arising out of or in connection with this Agreement or the Uber Service or Software shall be subject to the exclusive jurisdiction of the state and federal courts located in the City and County of San Francisco." 848 F.3d at 1209.

---

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

JS-6

Case No. 8:24-cv-01850-FWS-DFM                              Date: November 18, 2024
Title: Newco Distributors, Inc. v. Earth Animal Ventures *et al.*

*v. Wartsila N. Am., Inc.*, 485 F.3d 450, 456 (9th Cir. 2007) (quoting *Manetti-Farrow*, 858 F.2d at 514 n.5). "A forum selection clause is enforceable against a non-party to the agreement 'when the non-party is a third-party beneficiary of the contract and the non-party and the conduct at issue are "closely related" to the parties to the contract with the forum selection clause.'" *Baton v. Ledger SAS*, --- F. Supp. 3d ----, 2024 WL 3447511, at *28 (N.D. Cal. 2024) (quoting *McNally v. Kingdom Tr. Co.*, 2020 WL 7786539, at *2 (C.D. Cal. Nov. 13, 2020)).

"The vast majority of cases that have found a non-signatory bound by a forum selection clause under the theory that they are 'closely related' to the signatory or the dispute have done so where the non-signatory had an active role in the transaction between the signatories or where the non-signatory had an active role in the company that was the signatory." *Id.* (quoting *Prospect Funding Holdings, LLC v. Vinson*, 256 F. Supp. 3d 318, 325 (S.D.N.Y. 2017)). The non-signatory is "bound by their relation to the contract, not by their relation to the party." *W. Boxed Meats Distribs., Inc. v. Parker*, 2017 WL 3034517, at *6 (W.D. Wash July 18, 2017); *see also JH Portfolio Debt Equities, LLC v. Garnet Cap. Advisors, LLC*, 2018 WL 6112695, at *5 (C.D. Cal. Mar. 16, 2018) ("[A] non-signatory party is bound by a forum selection clause when its alleged conduct is closely related to the *contract.*").

The court finds Defendant PFX and Defendant Baker are "closely related" to the contractual relationship between Plaintiff and Defendant EAV. Here, each of Plaintiff's claims arise out of Defendants' purported misuse of trade secrets entrusted to Defendant EAV under the Distribution Rights Agreement. (*See, e.g.*, Compl. ¶¶ 9-14, 23, 29, 36, 41, 45.) For example, Defendant Baker allegedly used his positions as the CEO of Defendant PFX and an owner of Defendant EAV to gain access to Plaintiff's trade secrets and then use those secrets to interfere with Plaintiff's contractual relationship with Defendant EAV, induce Defendant EAV to breach the Distribution Rights Agreement, and disrupt Plaintiff's relationships with its customers. (*Id.* ¶ 14.) Similarly, Defendant PFX purportedly induced Defendant EAV to breach the Distribution Rights Agreement, purchased Defendant EAV's product, and sold the product using Plaintiff's trade secrets to undercut and disrupt Plaintiff's business relationships.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01850-FWS-DFM                       Date: November 18, 2024
Title: Newco Distributors, Inc. v. Earth Animal Ventures *et al.*

(*See, e.g.*, *id.* ¶¶ 21-32.)  Because Plaintiff's claims against Defendant PFX and Defendant Baker are intertwined with Defendant EAV's contractual obligations, the duties Defendant PFX and Defendant Baker allegedly owe Plaintiff, as well as any corresponding breach, may be informed by the Distribution Rights Agreement's confidentiality and security provisions.  *See, e.g.*, *Baton*, --- F. Supp. 3d ----, 2024 WL 3447511, at *30 (concluding non-signatory Shopify was closely related to the contract's terms and enforcement because "Plaintiffs' claims against Shopify arose out of their contract with Ledger and Plaintiffs would have had every reason to expect that the privacy rights ensured in their contract with Ledger would [apply] to Ledger's subcontractors").

     The court concludes these allegations demonstrate that the transactions between Defendant PFX, Defendant Baker, and Plaintiff "took place as part of the larger contractual relationship between" Plaintiff and Defendant EAV.  *See, e.g.*, *Holland Am. Line Inc.*, 485 F.3d at 456 & n.2 (concluding that non-signatory entity defendants that took a telephone order for the inspection and received an email with the contract for the inspection were subject to the forum selection clause in the plaintiff's inspection contract because their transactions with the plaintiff "arose out of and [were] intimately related to [the plaintiff's] relationship" with the signatory defendant); *White Knight Yacht LLC v. Certain Lloyds at Lloyd's London*, 407 F. Supp. 3d 931, 847 (S.D. Cal., 2019) (finding that the plaintiff could be bound by the forum selection clause in a cargo policy that it did not sign because the plaintiff was "closely related to the contractual relationships to which the forum selection clauses applies").  Thus, the forum selection clause applies to Plaintiff's claims against Defendant PFX and Defendant Baker.

     C.    **Enforceability of the Forum Selection Clause**

     "When parties have agreed to a valid forum-selection clause, mandatory venue provisions should be given controlling weight 'in all but the most exceptional cases.'"  *Riley v. Neul Cap. Holdings, LLC*, 2024 WL 2104599, at *3 (C.D. Cal. Apr. 12, 2024) (quoting *Atl. Marine Constr. Co.*, 571 U.S. at 59).  As discussed above, the Ninth Circuit has identified three

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01850-FWS-DFM　　　　　　　　　　　　　　Date: November 18, 2024
Title: Newco Distributors, Inc. v. Earth Animal Ventures *et al.*

"exceptional reasons or extraordinary circumstances in which courts should not give controlling weight" to a valid forum selection clause:

> (1) the clause is invalid due to "fraud or overreaching," (2) "enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision," or (3) "trial in the contractual forum will be so gravely difficult and inconvenient that [the litigant] will for all practical purposes be deprived of [their] day in court."

*Yei A. Sun*, 901 F.3d at 1088 (fourth alteration in original) (quoting *M/S Bremen*, 407 U.S. at 15, 18). "The nonmovant bears the burden of showing why transfer is inappropriate by 'clearly show[ing] that enforcement would be unreasonable and unjust.'" *Travelers Prop. Cas. Co. of Am. v. Expeditors Int'l of Wash., Inc.*, 626 F. Supp. 3d 1193, 1198 (W.D. Wash. 2022) (quoting *M/S Bremen*, 407 U.S. at 15).

Defendant PFX and Defendant Baker argue that the second consideration should preclude enforcement of the forum selection clause here because remanding the action to state court would contravene the strong public policy in favor of liberally construing and enforcing arbitration agreements under California law and the Federal Arbitration Act. (Dkt. 22 at 21-23.)

The court finds this argument insufficient to discharge Defendants' "heavy burden" of showing the forum selection clause should not be enforced because remanding this action to state court would not preclude Defendants from moving to compel arbitration. *Yei A. Sun*, 901 F.3d at 1084. "The FAA requires [state] courts, too, to honor arbitration agreements; and [the Supreme Court] ha[s] long recognized their prominent role in arbitral enforcement." *Badgerow v. Walters*, 596 U.S. 1, 8 & n.2 (2022) (internal quotation marks and citations omitted); *accord Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009) ("Given the substantive supremacy of the FAA, but the Act's nonjurisdictional cast, state courts have a prominent role to play as enforcers of agreements to arbitrate."). Even if the state court arbitration procedures differ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01850-FWS-DFM            Date: November 18, 2024
Title: Newco Distributors, Inc. v. Earth Animal Ventures *et al.*

somewhat, *see Badgerow*, 596 U.S. at 8 n.2, Defendants will still have recourse to compel arbitration if the court enforces the forum selection clause. *See, e.g.*, *Richards v. Lloyd's of London*, 135 F.3d 1289, 1293-96 (9th Cir. 1998) (en banc) (rejecting plaintiffs' argument that a forum selection clause should not be enforced due to the strong public policy of preserving investors' remedies under federal securities laws because the plaintiffs could still pursue relief for fraud, breach of fiduciary duty, and negligent misrepresentation under British law). Therefore, the court concludes the forum selection clause is enforceable.

    **D.**    **Waiver and Judicial Estoppel**

Finally, Defendant EAV argues that Plaintiff either waived or is estopped from enforcing the forum selection clause via remand because Plaintiff acted inconsistently with the forum selection clause by initiating this action in state court, as opposed to through arbitration. (Dkt. 24 at 6-8.)

"[A] forum selection clause is waived where the party invoking it has taken actions inconsistent with it, or delayed its enforcement, and enforcement would prejudice other parties." *S & J Rentals, Inc. v. Hilti, Inc.*, 294 F. Supp. 3d 978, 984 (E.D. Cal. 2018). "[W]aiver of a forum selection clause will only be found where there is clear, decisive, and unequivocal conduct manifesting such an intent," *Centro Veterinario y Agricola Limitada v. Aquatic Life Scis., Inc.*, 2023 WL 4052234, at *5 (W.D. Wash. June 16, 2023) (quotation marks and alterations omitted), such as "'where the party sues to enforce a contract in an unauthorized forum' or where a party 'sits on its forum selection rights until such time as things go unfavorably,'" *Bindman v. MH Sub I, LLC*, 2020 WL 978618, at *2 (N.D. Cal. Feb. 28, 2020) (quoting *Powell v. United Rentals (N. Am.), Inc.*, 2019 WL 1489149, at *5 (W.D. Wash. Apr. 3, 2019)). The party arguing for waiver "bears the burden of proving a waiver . . . by clear and convincing evidence." *Centro Veterinario y Agricola Limitada*, 2023 WL 4052234, at *5 (internal quotation marks omitted); *see also Bastami v. Semiconductor Components Indus., LLC*, 2017 WL 1354148, at *4 (N.D. Cal. Apr. 13, 2017) (noting that the Ninth Circuit applies the "clear and unequivocal" standard to litigation-based waivers).

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

JS-6

Case No. 8:24-cv-01850-FWS-DFMDate: November 18, 2024
Title: Newco Distributors, Inc. v. Earth Animal Ventures *et al.*

In this case, the court finds insufficient evidence of waiver because Plaintiff neither filed suit in an unauthorized forum nor sat on its rights. To the contrary, as Plaintiff notes, (Dkt. 25 at 3), Plaintiff acted consistently with the forum selection clause by initiating this suit in Orange County Superior Court, the exclusive forum for actions arising out the Distribution Rights Agreement, and then seeking to remand this suit to that same forum. *See S & J Rentals*, 294 F. Supp. 3d at 984. Because Defendant EAV identifies no action on Plaintiff's part inconsistent with the forum selection clause, the court concludes Defendant EAV has not demonstrated that Plaintiff waived its right to enforce the forum selection clause by clear and convincing evidence. *See, e.g.*, *Strauss v. I.K.M.J. Joint LLC*, 2024 WL 3850588, at *2 (D. Nev. Aug. 15, 2024) (finding defendants did not waive their right to enforce a forum selection clause by "unsuccessfully attempt[ing] to enforce the forum selection clause via a motion to remand" and then "fil[ing] their [m]otion seeking dismissal based upon *forum non conveniens* five weeks" later given that "[n]o other motions on the merits [had] been filed or resolved").

For the same reasons, Defendant EAV has failed to demonstrate that Plaintiff is judicially estopped from enforcing the forum selection clause. The purpose of judicial estoppel "is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *Ah Quin v. Cnty. of Kauai Dep't of Transp.*, 733 F.3d 267, 270 (9th Cir. 2013) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001)). The Ninth Circuit "generally consider[s] three factors when determining whether to apply the doctrine of judicial estoppel": (1) "whether 'a party's later position [is] 'clearly inconsistent' with its earlier position'; (2) "whether the party achieved success in the prior proceeding, since judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled"; and (3) "whether the party asserting an inconsistent position would achieve an unfair advantage if not estopped." *United Steelworkers of Am. v. Ret. Income Plan for Hourly-Rated Emps. of ASARCO, Inc.*, 512 F.3d 555, 563 (9th Cir. 2008).

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-01850-FWS-DFM | Date: November 18, 2024 |
| Title: Newco Distributors, Inc. v. Earth Animal Ventures *et al.* | |

None of these factors suggest judicial estoppel applies here.  First, as discussed above, Plaintiff's motion to remand is consistent with its decision to initiate this suit in state court.  Second, other than the fact that state court "implicitly" accepted the suit when Plaintiff filed the Complaint, Defendant EAV identifies no evidence indicating that either the Orange County Superior Court or this court relied on or accepted Plaintiff's previous position.  *See Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 783 (9th Cir. 2001) (stating the Ninth Circuit "has restricted the application of judicial estoppel to cases where the court relied on, or accepted, the party's previous inconsistent position") (internal quotation marks and citations omitted); *United Steelworkers of Am.*, 512 F.3d at 563-64 (no judicial estoppel when "the district court never *held*" the prior position).  Third, Defendant EAV has not demonstrated that Plaintiff would obtain an "unfair advantage" if not estopped because remand would simply return this action to the forum the parties originally consented to in the Distribution Rights Agreement.  Accordingly, the court concludes Plaintiff has not waived and is not estopped from enforcing the forum selection clause.

In sum, the forum selection clause is valid and enforceable.  "[A] forum-selection clause be given controlling weight in all but the most exceptional cases." *Atl. Marine*, 571 U.S. at 59-60 (internal quotation marks and citation omitted).  Because the court found no exceptional circumstances here, the Motion to Remand is **GRANTED**.

### IV. Disposition

For the reasons set forth above, the Motion to Remand is **GRANTED**.  The court **REMANDS** this case to the Superior Court of the State of California in and for the County of Orange, as Case Number 30-02024-01413480-CU-BC-CJC.  In addition, the court **DENIES AS MOOT** Defendants' Motion to Dismiss.

**IT IS SO ORDERED.**